UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CRAIG & LANDRETH, INC. )<br>d/b/a CRAIG & LANDRETH MAZDA )<br>(Dealer Code No. 34514), )<br>LARRY CRAIG and )<br>JAMES H. SMITH, JR. )<br>a/k/a JIMMY SMITH, )<br>       )<br>           Plaintiffs )<br>       )<br>  v.    ) | 4:07-cv-134-SEB-WGH |
| MAZDA MOTOR OF AMERICA, INC. )<br>d/b/a MAZDA NORTH AMERICAN )<br>OPERATIONS, )<br>       )<br>           Defendant. ) | |

## ORDER GRANTING PROTECTIVE ORDER
## PROHIBITING THE DEPOSITION OF JAMES O'SULLIVAN

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the defendant's Motion for Protective Order for Noticed Deposition of James O'Sullivan filed August 13, 2008. (Docket Nos. 39-41). Plaintiffs filed a response in opposition on November 21, 2008. (Docket No. 80). Defendant filed a reply brief on December 3, 2008. (Docket No. 82). Plaintiffs filed a Motion for Leave to Supplement Their Response to Defendant's Request for a Protective Order Precluding the Deposition of James O'Sullivan on December 8, 2008. (Docket No. 86). Defendant's response in opposition to the motion for leave was filed on December 12, 2008. (Docket No. 87). On December 18, 2008, leave to file the supplement was granted over the

defendant's objection. (Docket No. 88). A portion of the deposition of Alfred J. Vega was provided to the court in Plaintiffs' Supplemental Response filed December 29, 2008. (Docket No. 89).

The Magistrate Judge, being duly advised, now **GRANTS** the defendant's Motion for Protective Order for Noticed Deposition of James O'Sullivan.

James O'Sullivan is the President and Chief Executive Officer of Mazda Motor of America and has been in that position since April 1, 2003. (Affidavit of O'Sullivan, ¶ 2). The plaintiffs have brought an action alleging that the defendant, Mazda Motor of America, Inc., improperly breached certain agreements with them and improperly refused to grant them an additional franchise. They now seek to depose O'Sullivan, who is considered as an "Apex" employee.

Mazda has filed a Motion for Protective Order and must establish good cause why O'Sullivan should not be deposed. The Affidavit of O'Sullivan indicates that he has no recollection or personal knowledge concerning the events which are relevant to this lawsuit.

The plaintiffs allege only the following possible contacts with O'Sullivan:

(a)   Plaintiff James H. Smith, Jr., alleges that he asked a question to O'Sullivan at a dealer meeting in front of hundreds of people. (Affidavit of Smith, ¶ 3).

(b)   Plaintiff Larry Craig alleges that while playing golf in Ireland, another Mazda executive asked him "if [he] was ready to own two-thirds of the Mazda market in Louisville, Kentucky." (Affidavit of Craig, ¶ 4). Craig alleges that O'Sullivan was present when that comment was made. (*Id.*)

    (c)    Plaintiffs Craig and Smith allege in their Affidavits that they met with two Mazda executives and were "given the impression" that the executives were acting under O'Sullivan's direction and on his behalf. (Affidavit of Smith, ¶ 5; Affidavit of Craig, ¶ 5).

    (d)    Witness Alfred J. Vega testified that he was present at a meeting in October 2006 which was not attended by O'Sullivan, but was attended by "Steve Mears." Vega's testimony is as follows:

> Q. One more meeting I want to ask you about.
> A. Sure.
> Q. In early October of 2006, Jimmy Smith, Larry Craig, you and Steve Mears at Jeff Ruby's, do you remember that?
> A. I – now, I remember that.
> Q. Okay. Do you remember Steve saying that he had been sent by the, quote, "old man," Mr. O'Sullivan, to see what he could do?
> A. I don't remember the old man, but he was – it – in my mind he was sent to talk to Larry and to Jimmy and discuss the issue.
> Q. And who did Mr. Mears work for at that time?
> A. Mr. Jim O'Sullivan.
> Q. Okay. I got confused on where the lunch was. The lunch was the next day after that up –
> A. Cheddars.
> Q. – somewhere up by the Bass Pro Shop.
> A. Cheddars.
> Q. Cheddars, okay. Was it the same cast of characters?
> A. Unfortunately, yes.
> Q. Okay. And with that same cast of characters, was that same issue discussed?
> A. Yes.
> Q. Was – did Mr. Mears state that he had been sent by, quote, "the old man," Mr. O'Sullivan?
> A. I don't know about the old man because – but he was sent by –
> Q. Mr. O'Sullivan?
> A. – Sullivan.

(Plaintiffs' Supplemental Response at Docket No. 89, Ex. A).

These four allegations are insufficient to establish that O'Sullivan has unique or specialized knowledge necessary to the resolution of this matter.

A district court may preclude the deposition of a high-ranking corporate executive when the plaintiff fails to show that the executive possesses information that is more than marginally relevant to the action. *See Patterson v. Avery Dennison Corp.,* 281 F.3d 676 (7th Cir. 2002), and *Berning v. UAW Local 2209,* 242 F.R.D. 510 (N.D. Ind., 2007). Here, the plaintiffs have not attempted the use of interrogatories or other less intrusive means to obtain any information concerning direct knowledge that O'Sullivan may have in this case. Without anything more compelling than the four items listed above, the Magistrate Judge concludes that the plaintiffs have made an insufficient showing that O'Sullivan has information material to this case and, therefore, the taking of his deposition is unduly burdensome at this time.

Discovery in this matter continues. The Magistrate Judge may reconsider this decision, but only upon a specific showing that answers to interrogatories show O'Sullivan's direct decision-making authority was implicated in the issues relevant to this case.

This order does not preclude the plaintiffs from directing a limited number of interrogatories to the defendant specifically asking whether James O'Sullivan directed Steve Mears or any other subordinates to meet with the plaintiffs at any time, and whether O'Sullivan received any written or oral report from any subordinate as a result of any such meeting. An interrogatory may also be

served asking if O'Sullivan maintains any notes, records, or calendars for an appropriate time period which would reflect any meetings with Mears or other subordinates which addressed plaintiffs' dealership or dealer structure in the Greater Louisville area. Such interrogatories should presumptively be limited to not more than five.

      **SO ORDERED.**

**Dated:** January 12, 2009

                                              WILLIAM G. HUSSMANN, JR.
                                              Magistrate Judge

**Electronic copies to:**

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com