UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CRAIG & LANDRETH, INC. d/b/a CRAIG & LANDRETH MAZDA (Dealer Code No. 34514), LARRY CRAIG and JAMES H. SMITH, JR. a/k/a JIMMY SMITH, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:07-cv-134-SEB-WGH |
| MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON FOURTH MOTION TO COMPEL DISCOVERY RESPONSES

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on plaintiffs' Fourth Motion to Compel Discovery Responses filed June 18, 2009. (Docket No. 113). A Memorandum in Response was filed by defendant on July 6, 2009 (Docket No. 118), and a Reply in Support was filed by plaintiffs on July 14, 2009 (Docket No. 119).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Fourth Motion to Compel Discovery Responses:

## Background

1. On March 6, 2009, plaintiffs filed their Third Motion to Compel seeking a court order to compel responses to plaintiffs' First and Second Sets of Interrogatories and Requests for Production of Documents. (Docket No. 94).

2. On April 27, 2009, after conducting a hearing, this court granted, in part, and denied, in part, the Third Motion to Compel. (Docket No. 100). The court took the portion of plaintiffs' Motion to Compel dealing with plaintiffs' Second Request for Document Production under advisement, and scheduled a status conference for June 4, 2009, to determine whether a review of the materials produced renders the issues taken under advisement moot.

3. At the June 4, 2009 status conference, the court recommended "that the person from defendant's IT department who produced the CD and DVD materials meet directly with plaintiffs' expert in an attempt to resolve continuing problems over the format in which data is to be produced in this case." (Docket No. 109). The court also directed plaintiffs to file, if necessary, a motion to compel on or before June 18, 2009.

4. Plaintiffs have now filed their Fourth Motion to Compel Discovery Responses seeking defendant's response to plaintiffs' Second Request for Document Production.

5. Defendant has filed its Response arguing that the Fourth Motion to Compel Discovery Responses should be denied because defendant has already provided plaintiffs with the requested documentation in a suitable format.

**Discussion**

### A. Plaintiffs' Second Request for Document Production

The crux of plaintiffs' argument in their Fourth Motion to Compel Discovery Responses concerns the form in which electronically stored information must be produced pursuant to a request for production of documents. Plaintiffs argue that such information must be produced in its "native format."

In determining whether electronically stored information in discoverable and must be produced in its "native format," we must look to the Federal Rules of Civil Procedure. A party may obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense. FED R. CIV. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Once the relevancy of a particular category of electronically stored information has been confirmed, Rule 34 of the Federal Rules of Civil Procedure provides for the manner in which discovery of such information may take place:

> (a)  **In General.**  A party may serve on any other party a request within the scope of Rule 26(b):
> (1)  to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A)  any designated documents or electronically stored information–including writings, . . . and other data *or data compilations*–stored in any medium from which information can be obtained

>>either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
>>. . . .
> (b) **Procedure.**
>> (1) ***Contents of the Request.*** The request:
>>> (A) must describe with reasonable particularity each item or category of items to be inspected;
>>> (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
>>> (C) may specify the form or forms in which electronically stored information is to be produced.
>> (2) ***Responses and Objections.***
>>> . . . .
>>> (D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form–or if no form was specified in the request–the party must state the form or forms it intends to use.
>>> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>>>> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>>>> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

> (iii) A party need not produce the same electronically stored information in more than one form.

FED. R. CIV. P. 34 (emphasis added). In making a determination of whether or not a party has provided the proper format for a particular piece of electronically stored information, such as the vehicle databases at issue here, the Advisory Committee Notes to Rule 34 caution as follows:

> [T]he option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

FED. R. CIV. P. 34, Advisory Comm. Notes (2006 Amends.).

In this case, plaintiffs provided, in their Second Request for Document Production, the following explanation of the format of electronically stored information that they sought from defendant:

> To the extent that documents responsive to the requests detailed below are available in computer-readable form, please provide them in that form along with sufficient information in the form of data layout files to make possible the computer manipulation of such computer-based data as per attachment entitled "Magnetic Media Documentation Request."

(Plaintiffs' Second Request for Document Production at 3). Plaintiffs' requests further sought "[d]ocuments describing each of the databases maintained by or for [defendant] which contain information pertaining to the allocation of

vehicles and/or wholesale of vehicles and/or retail sales of Mazda vehicles." (*Id.*)  Despite these requests and the warning from the Advisory Committee Notes to Rule 34, defendant maintains that "when it produced many documents in portable document format ("PDF")," it was well within the requirements of the Federal Rules of Civil Procedure because it produced all of the requested documents in a "reasonably usable form."  (*See* defendant's Memorandum in Response at 3).  The Magistrate Judge disagrees.

Plaintiffs' requests clearly indicate to this court that they were seeking electronically stored information that consisted of searchable databases of Mazda vehicles, and not simply a list of vehicles in PDF format.  Even if plaintiffs' requests were not as articulate as they could have been in order to put defendant on notice of the format of the information sought, the Advisory Committee Note to Rule 34 is clear.  Defendant was not permitted to convert any of its electronically stored information to a different format that would make it more difficult or burdensome for plaintiffs to use.  Defendant is hereby **ORDERED** to provide any electronically stored documents responsive to plaintiffs' Second Request for Document Production in their original or "native format."

## B.  Plaintiffs' Request for Sanctions

Plaintiffs also request that the court sanction defendant "because defendant failed to produce someone necessary to answer plaintiffs' IT questions–despite this court's recommendation and the various emails by

plaintiffs' counsel regarding same . . . ." (Plaintiffs' Fourth Motion to Compel Discovery Responses at 6).  The parties did, in fact, have a dispute over who was the correct person for defendant to make available to plaintiffs in order to educate plaintiffs about the electronically stored information that defendant was providing in response to plaintiffs' Second Request for Document Production.  In recognition of this dispute, this Magistrate Judge conducted a telephonic status conference on June 4, 2009, in which the Magistrate Judge "recommended that the person from the defendant's IT department who produced the CD and DVD materials meet directly with the plaintiffs' expert in an attempt to resolve continuing problems over the format in which data is to be produced in this case." (Magistrate Judge's Order on Telephonic Status Conference at 1).  This was simply a recommendation and not an explicit order from the court.  Additionally, it does appear that the June 17, 2009 IT conference call between the parties was not completely fruitless.  (*See* Fourth Motion to Compel Discovery Responses at 5-6).  Therefore, sanctions are not appropriate and plaintiffs' request for sanctions is **DENIED.**  However, in light of the Magistrate Judge's ruling that defendant must provide the relevant electronically stored information responsive to plaintiffs' Second Request for Document Production in its "native format," the Magistrate Judge further **ORDERS** defendant to produce the appropriate individual to assist plaintiffs in understanding how to manipulate the "native format" electronically stored information.

## Conclusion

Plaintiffs' Fourth Motion to Compel Discovery Responses is **GRANTED, in part,** and **DENIED, in part.** Defendant is to produce all electronically stored information responsive to plaintiffs' Second Request for Document Production in its "native format." Furthermore, defendant is to produce an individual who can assist plaintiffs in searching defendant's relevant databases. Plaintiffs' request for sanctions is **DENIED**.

**SO ORDERED.**

**Dated:** July 27, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com