UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CRAIG & LANDRETH, INC. d/b/a CRAIG & LANDRETH MAZDA, LARRY CRAIG, and JAMES H. SMITH, JR. A/k'a JIMMY SMITH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 4:07-cv-0134-SEB-WGH |
| MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING PLAINTIFFS' RULE 56(F) REQUEST**
**AND CONTINUING TRIAL SETTING**

This cause initially came before the Court on Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations's ("Defendant") Motion for Summary Judgment [Docket No. 105], filed on June 1, 2009. In response to this motion, Plaintiffs contend that Defendant has failed to produce material documents and that, therefore, the Court should deny the motion or stay a decision on it, pursuant to Federal Rule of Civil Procedure 56(f). For the reasons explained below, we find that the Rule 56(f) request is well-taken and should therefore be granted.

### *Discussion*

Plaintiffs Craig & Landreth, Inc. d/b/a Craig & Landreth Mazda, Larry Craig, and James H. Smith (collectively, "Plaintiffs") contend that Defendant's Motion for Summary Judgment is premature and should be denied as such or a ruling stayed to allow for further discovery relating to Count I of the Complaint. Plaintiffs state that they have requested discovery as to this claim on prior

1

occasions, including the filing of numerous motions to compel.

Federal Rule of Civil Procedure 56(f) provides the means by which litigants may avoid summary judgment when the opportunity to receive adequate discovery has been denied or otherwise impeded. Deere & Co. v. Ohio Gear, 462 F.3d 701, 706 (7th Cir. 2006). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)     deny the motion;
> (2)     order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3)     issue any other just order.

Fed.R.Civ.P. 56(f). The purpose of Rule 56(f) is to safeguard against a premature grant of summary judgment; accordingly, courts construe the rule liberally. See King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994); see also Culwell v. City of Fort Worth, 468 F.3d 868, 872 (5th Cir. 2006) ("[Rule 56(f)] motions are broadly favored and should be liberally granted."). Because such requests, when properly made, are granted as a matter of course to ensure fairness, a failure to grant such a request can result in a finding of abuse of discretion. See Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198 (1st Cir. 1994), cited in Farmer v. Brennan, 81 F.3d 1444, 1450 (7th Cir. 1996).

"To prevail on a Rule 56(f) motion, the party seeking a continuance or stay of decision must state why it cannot respond to the motion for summary judgment and support its allegations by affidavit." Skorychenko v. Tompkins, 2009 WL 2342856, at *1 (W.D. Wis. Jul. 28, 2009) (citing Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648 (7th Cir. 2006)). Although Plaintiffs' request here was not advanced as a motion, Plaintiffs have taken steps to style it as such, in particular, by attaching, as required by Rule 56(f), a detailed affidavit in support of its

request. See Pl.'s Response, Ex. 1 (Aff. of Fred Fischer). Plaintiffs' affidavit makes clear that they have not been provided access to many of Defendant's corporate records, allocation reports, and dealer requests, which documents seem likely to contain information central to the claims made in Count I of the Complaint.

Defendant contends that it has fully complied with discovery requirements and that additional discovery would not, in fact, enable Plaintiffs to successfully fashion a brief in opposition to the Motion for Summary Judgment. Defendant stresses that the "justification for [a Rule 56(f) request] must be genuine and convincing to the court rather than merely colorable," Ezpeleta v. Sisters of Mercy Health Corp., 621 F.Supp. 1262, 1276 (N.D. Ind. 1985), and that a Rule 56(f) request unsupported by "even the slightest showing by the opposing party that his opposition is meritorious," should not be granted. Lamb's Patio Theatre, Inc. v. Universal Film Exchanges, Inc., 582 F.2d 1068, 1071 (7th Cir. 1978). Defendant characterizes Plaintiffs' request as substantiated by nothing more than self-serving statements, which, it contends, do not satisfy Rule 56(f) standards.

"A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits." Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000). "To make a good faith showing, the party invoking Rule 56(f) must explain why it is unable to submit the necessary material to the Court, identify the material facts it anticipates discovering, and demonstrate that it has not been dilatory in pursuing discovery." Eli Lilly and Co. v. Valeant Pharms. Intern., 2009 WL 4745664, at *1 (S.D. Ind. Dec. 4, 2009) (Baker, M.J.).

In their effort to make the required showing of entitlement to a stay, Plaintiffs contend that, despite repeated efforts, they have yet to receive numerous relevant documents, which they believe will meaningfully supply the record with information about the following: Defendant's vehicle

allocation decisions; Defendant's vehicle set-aside decisions; the identifying information and shipping information relating to vehicles allocated to the Gulf Region from 2004 to 2006; and various points of vehicle sales data. Aff. of Fischer ¶ 20-21. According to Plaintiffs, such information is critical to their ability to fully respond to Defendant's pending Motion for Summary Judgment. Further, Plaintiffs emphasize that they have not been dilatory in pursuing discovery of these materials. The docket reflects that dating back to June 27, 2008, which was nine months prior to the close of discovery, the Court has granted in part two of Plaintiffs' motions to compel and has conducted numerous discovery conferences with the parties.

Plaintiffs' affidavit substantiates their good faith efforts as well as their expectation that further discovery will aid in their ability to successfully oppose the Motion for Summary Judgment. For example, Plaintiffs cite two instances in which Defendant's summary charts, as submitted, contain apparent flaws, which Plaintiffs maintain can be either verified or refuted with the aid of the specific discovery they request.

For the foregoing reasons, we hold that Plaintiffs are entitled to conduct (and complete) the requested discovery, pursuant to Rule 56(f). Because Plaintiff's discovery request is limited to information relating to Count I of its claim, the requested remaining discovery shall be limited only to matters relating to that claim.

### *Conclusion*

Plaintiffs' Rule 56(f) request is hereby <u>GRANTED</u>. Plaintiffs are permitted thirty days from the date of this entry to complete the requested discovery relating to Count I of its Complaint. Thereafter, Plaintiffs are permitted an additional fifteen days within which to file their supplemental response, which submission shall not exceed twenty pages in length. Defendant is permitted twenty

days thereafter to file a supplemental reply, also not to exceed twenty pages in length.

The January 26, 2010, pretrial conference and February 8, 2010, trial dates are continued. New dates will be established, if necessary, following the court's ruling on the pending motion.

IT IS SO ORDERED.

Date: 01/06/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com