UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CRAIG & LANDRETH, INC. <br> d/b/a CRAIG & LANDRETH MAZDA <br> (Dealer Code No. 34514), <br> LARRY CRAIG and <br> JAMES H. SMITH, JR. <br> a/k/a JIMMY SMITH, <br><br> Plaintiffs <br><br> v. <br><br> MAZDA MOTOR OF AMERICA, INC. <br> d/b/a MAZDA NORTH AMERICAN <br> OPERATIONS, <br><br> Defendant. | 4:07-cv-134-SEB-WGH |

**ORDER DENYING FIFTH MOTION TO COMPEL
DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on plaintiffs' Fifth Motion to Compel Discovery Responses and Request for Sanctions filed December 18, 2009. (Docket No. 129). Defendant filed its Memorandum in Response on December 22, 2009. (Docket No. 131). On January 8, 2010, plaintiffs filed a Reply in Support. (Docket No. 133).[1]

---

[1] A Motion to Strike Plaintiffs' Reply in Support of Their Fifth Motion to Compel was filed on January 8, 2010. (Docket No. 134). The Motion to Strike was denied on January 13, 2010. (Docket No. 2010).

Plaintiffs in this breach of contract action have filed a Fifth Motion to Compel Discovery Responses. That motion suggests that certain sanctions should issue because defendant has acted in bad faith and abused the discovery process by delaying the production of responsive documents and producing them, or most of them, in a piecemeal fashion. After a review of the correspondence and the issues raised by the parties in this complex breach of contract claim, the Magistrate Judge is unable to ascertain that defendant has intentionally and wilfully failed to comply with this court's orders or acted in bad faith. Therefore, the extreme sanction of entering a default is not warranted in this case.

Whether other sanctions are warranted in this case will best be resolved after the completion of the litigation. Until the court has a full picture of both sides' versions of the allocation formula at issue, and has the benefit of expert opinion concerning the data needed to calculate those formulas, it is extremely difficult to ascertain whether defendant has responded in good faith or has unduly delayed production. The court takes under advisement whether sanctions lesser than default – or any sanctions at all – should be assessed until a time in which it is able to more completely ascertain what data was, in fact, necessary to calculate the allocation formula.

Plaintiffs' Reply in Support suggests that most of the documents they have sought have now been produced, albeit in what plaintiffs categorize as a piecemeal fashion. The remaining issues in plaintiffs' Reply in Support address

whether Second Requests for Production of Documents 17 through 20 and 22 through 23 must yet be produced by defendant.

As to Second Requests 17 through 20 and 22 through 23, in light of the Affidavit of Barry Brittingham (Exhibit D), the Magistrate Judge concludes that there is little relevancy to this data. Plaintiffs' Reply in Support does not specify why such data is essential to calculating the allocation formula as required by their experts.

Even if the data requested in the remaining requests was found to be relevant, the data is not within the possession or control of the defendant. Plaintiffs argue that in some instances a party may be required to produce responsive documents over which it has control and not merely possession. However, those cases generally address instances in which officers or employees of a particular defendant may have to produce items within their personal control that are not kept within corporate repositories. In this case, the information sought is information compiled by non-parties for which defendant pays a license to use. The fact that defendant possesses a license to use particular data does not mean that they have control of the data. This is particularly the case when the data has commercial value, and the owner of that data may, by license, restrict its distribution to others who have not obtained an appropriate license. Because it appears that plaintiffs have the ability to obtain a license to receive that data, the Magistrate Judge finds that the information sought is not within the control of defendant, and need not be produced.

Therefore, the Fifth Motion to Compel Discovery Responses is **DENIED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** February 9, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com