UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CRAIG & LANDRETH, INC. D/b/a CRAIG & LANDRETH MAZDA (Dealer Code No. 34512), LARRY CRAIG, and JAMES H. SMITH, JR. a/k/a JIMMY SMITH,<br><br>   Plaintiff,<br><br>vs.<br><br>MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS,<br><br>   Defendant. | 4:07-cv-0134-SEB-WGH |

**ORDER DENYING MOTION TO STRIKE**

This cause is before the Court on the Motion to Strike Evidence Relied Upon by Defendant in its Reply Brief or, in the Alternative, Surreply [Docket No. 123], filed by Plaintiffs Craig & Landreth, Inc. d/b/a Craig & Landreth Mazda, Larry Craig, and James H. Smith, Jr. a/k/a Jimmy Smith ("Plaintiffs") on July 21, 2009. For the reasons detailed in this entry, Plaintiffs' Motion is DENIED.

*Discussion*

In its Reply Brief, Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Defendant") relies upon evidence referenced for the first time in that Reply. Citing Black v. TIC Inv. Corp., 900 F.2d 112, 116 (7th Cir. 1990), Plaintiffs

contend that this evidence must be stricken from the summary judgment record. However, Black does not stand for the proposition that any such evidence must be stricken, but rather that, "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond." Black, 900 F.2d at 116. Indeed, the Black Court did not hold that the newly disclosed affidavit in that case had to be stricken; rather, it held simply that, on remand, the district court was required to permit the opposing party to respond to that newly revealed evidence. Id.

This comports with the Southern District of Indiana local rules, which state that if the moving party "relies upon evidence not previously cited . . . the non-moving party may file a surreply brief limited to such new evidence . . . ." S.D. Ind. L.R. 56.1(d). Along with the present motion before the Court, Plaintiffs submit, in the alternative, a Surreply Brief responding to Defendant's newly disclosed evidence. Because we accept for consideration that Surreply Brief and the arguments set forth therein, Plaintiffs have been given a fair opportunity to respond as required by Black and the local rules.

Furthermore, the progress of the case demonstrates that Plaintiffs have not been prejudiced by the timing of the disclosure of this evidence. Defendant produced the new evidence eight days prior to filing its Reply Brief, and therefore fifteen days before a Surreply Brief was due. Further, the record before the Court demonstrates that Defendant was sufficiently diligent in disclosing this evidence such that considering it at the

summary judgment phase will not result in prejudice.[1]

Plaintiffs have had the opportunity to respond contemplated by <u>Black</u> and Local Rule 56.1(d), and it is clear that they will not be unfairly prejudiced by the Court's consideration of the newly disclosed evidence at summary judgment.

*Conclusion*

Having carefully considered the parties' arguments, we hereby <u>DENY</u> Plaintiffs' Motion to Strike but accept Plaintiffs' Surreply Brief, filed concurrently with the motion. IT IS SO ORDERED.

Date: __03/12/2010_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

---

[1] Specifically, the record shows that Defendant produced this information promptly following a June 17, 2009 telephonic conference between the parties, in which Plaintiffs made clear which data they sought. Further, the record shows that Defendant produced similar data to Plaintiffs over the course of the litigation, in a good faith attempt to respond to Plaintiffs' requests.

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com