UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| Craig & Landreth, Inc. d/b/a Craig & Landreth Mazda (Dealer Code No. 34514), Larry Craig and James H. Smith Jr. a/k/a Jimmy Smith, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 4:07-cv-0134-SEB-WGH |
| Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Defendant. | ) ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE**

This cause is before the Court on Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations's ("Mazda") Motion in Limine to Exclude Evidence of Plaintiffs' Individual Damages. [Docket No. 184]. Defendant has moved the Court to exclude any evidence at trial regarding lost compensation damages attributable to individual Plaintiffs Craig and Smith, as opposed to lost net profits to the Plaintiff automobile dealership. Specifically, Mazda challenges the admissibility of portions of the report of Plaintiffs' expert witness Michael L. Brookshire, Ph.D. (the "Brookshire Report") that relate to that lost compensation by the individual principals of the dealership. For the reasons detailed below, Defendant's Motion is GRANTED.

The only count remaining in this case to be tried to the jury is Plaintiffs' breach of contract claim between the dealership and the automobile manufacturer/distributor.

Plaintiffs' Brookshire Report, which reflects their damages calculations, divides Plaintiffs' damages into three categories: (1) the lost net profits of the dealership, Craig & Landreth Mazda ($255,989.00); (2) the lost individual total compensation of Larry Craig ($829,244.00); and (3) the lost individual compensation of Jimmy Smith ($1,081,769.00). Brookshire Report Table 17. Mazda argues that evidence of these latter two categories of damages must be excluded because Indiana law is clear that (1) neither of the individual Plaintiffs as shareholders of the dealership can assert the breach of contract claim in their own right against Mazda, and (2) the proper measure of damages in this case, lost net profits, does not include amounts paid as compensation to Craig or Smith. Plaintiffs rejoin that they are not asserting claims for lost profits on behalf of individual Plaintiffs Craig or Smith, but that evidence of their individual lost compensation is relevant in order to give the jury a true and complete picture of the lost profits of Craig and Landreth Mazda.

In <u>Knauf Fiber Glass, GMBh v. Stein</u>, the Indiana Supreme Court held that the sole shareholder of a trucking company (as opposed to the trucking company itself) could not maintain a breach of contract claim against a third party customer who had contracted with the trucking company because "damage suffered by the shareholders . . . [was] derivative of damages suffered by the corporation itself." 622 N.E.2d 163 (Ind. 1993).

Plaintiffs attempt here to circumvent <u>Stein</u> is unavailing. Whether they are trying to bring claims in the names of Craig and Smith or lump together the would-be damages from such claims for personal lost earnings with those of the dealership, Indiana law is clear that that approach is impermissible. In addition to the clear holding in <u>Stein</u>, the

Indiana Court of Appeals recently repeated this well established rule, as follows:

> '[A] proper award of lost profits must be confined to the loss of net profits.' The rationale for this rule is that a party injured by a breach of contract shall 'not be placed in a better position than the party would have enjoyed had the breach not occurred.' Otherwise, the party would 'receive a windfall in the form of that portion of lost gross income representing expenses of operation saved by defendant's breach.'

Belle City Amusements, Inc. v. Doorway Promotions, Inc., 936 N.E.2d 243, 251 (Ind. Ct. App. 2010)(internal citations omitted). Applying this rule of law to our case, we conclude that were we to allow the Plaintiff Dealership, which is the only permissible plaintiff pursuant to Stein in this breach of contract action, to seek damages for amounts that would have been paid out to its owners, Craig or Smith, it would place the dealership in a better position than the dealership would have enjoyed had the breach not occurred. Such a windfall is not permissible under Indiana law.

For these reasons, we agree with Mazda that the lost compensation to Plaintiffs Craig and Smith personally are not recoverable by them as individuals or by the dealership. Therefore, Defendant's Motion in Limine to Exclude Evidence of Plaintiffs' Individual Damages is GRANTED.

IT IS SO ORDERED.

Date: 01/27/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Fred E. Fischer III
FISCHER & KELLY
fischerandkelly@insightbb.com

William Jay Hunter
STOLL KEENON OGDEN PLLC
william.hunter@skofirm.com

Brad S. Keeton
STOLL KEENON OGDEN PLLC
brad.keeton@skofirm.com

Joseph Michael Kelly
FISCHER & KELLY
fischerandkelly@insightbb.com

Crystal Gates Rowe
KIGHTLINGER & GRAY, LLP
crowe@k-glaw.com

Van T. Willis
KIGHTLINGER & GRAY, LLP
vwillis@k-glaw.com